UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BENJAMIN BETHEA,

    Plaintiff,

v.

LIEUTENANT CONFER, et al.,

    Defendants.

:    CIVIL NO. 3:CV-08-0263

:    (Judge Caputo)

## ORDER

Plaintiff Benjamin Bethea, an inmate currently confined at the Greensburg State Correctional Institution ("SCI-Greensburg") in Greensburg, Pennsylvania, initiated this action *pro se* by filing a Complaint pursuant to the provisions of 42 U.S.C. § 1983.

On May 14, 2008, a Motion to Dismiss Plaintiff's Complaint was filed on behalf of Defendants Confer, D. Davis, Reese, Condo, Butler, Kwisnek, Lockett. Wolanin, and Novitsky.[1] (Doc. 14.) A supporting brief was filed on May 28, 2008. (Doc. 16.) Plaintiff did not file his opposition, nor did he request an extension of time in which to do so.

By Order dated August 5, 2008, Plaintiff was directed to file a brief in opposition to Defendant's motion to dismiss within fifteen (15) days. (Doc. 19.) The Order also forewarned Plaintiff that if he failed to file a brief within the required time period, the Court would deem the Motion unopposed and grant it without a merits analysis. Although the deadline for filing an opposing brief has passed, Plaintiff has neither filed a brief in

---

1. Although counsel entered an appearance on behalf of Defendants Reams, Caputio, Edwards, Archer, and L.M. Davis (Doc. 11), these Defendants did not join in the instant Motion and therefore will remain as parties to this action.

opposition to Defendants' motion, nor has he requested an extension of time in which to do so.

In *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991), the United States Court of Appeals for the Third Circuit held that a motion to dismiss should not be granted simply because it is unopposed. However, the Third Circuit Court of Appeals did not preclude dismissal based upon an unopposed motion, after adequate warning. "We do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to a dismissal without a merits analysis . . . Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked." *Id.*

Plaintiff was advised of the requirements of Local Rule 7.6 by both the standing practice order (Doc. 3) issued in this case on February 12, 2008, and the August 5, 2008 Order. He was specifically notified that failure to comply with Local Rule 7.6 by filing a brief in opposition would result in the Motion to Dismiss being granted without a merits analysis. Consequently, the Court will grant the Defendants' unopposed Motion to Dismiss without a merits analysis. *See* M.D. Pa. Local Rule 7.6; *Stackhouse*, 951 F.2d at 30.

**NOW, THEREFORE, THIS** 27TH **DAY OF AUGUST, 2008, IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Motion to Dismiss (Doc. 14) filed on behalf of Defendants Confer, D. Davis, Reese, Condo, Butler, Kwisnek, Lockett, Wolanin, and Novitsky is **GRANTED**.

2. The Clerk of Court shall terminate Defendants Confer, D. Davis, Reese, Condo, Butler, Kwisnek, Lockett. Wolanin, and Novitsky as parties to this action.

3.   Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

　　　　　　　　　　　　　　　　　　/s/ A. Richard Caputo
　　　　　　　　　　　　　　　　　　A. RICHARD CAPUTO
　　　　　　　　　　　　　　　　　　United States District Judge