# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BENJAMIN BETHEA,** | : |
| **Plaintiff** | : |
| | : CIVIL NO. 3:CV-08-0263 |
| **v.** | : |
| | : (Judge Caputo) |
| **LIEUTENANT CONFER,** *et al.*, | : |
| **Defendants** | : |

# M E M O R A N D U M

## I.  Introduction

Plaintiff Benjamin Bethea, an inmate incarcerated at the Greensburg State Correctional Institution (SCI-Greensburg), Greensburg, Pennsylvania, commenced this pro se action on February 11, 2008, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983, claiming he was assaulted by staff and denied medical care for his injuries while temporarily housed at the Rockview State Correctional Institution (SCI-Rockview), Rockview, Pennsylvania.[1]  (Doc. 1, Complaint.)  Bethea seeks

---

[1]  On July 18, 2008, Defendants Smith, Johns and Yindra were dismissed from the action, without prejudice, pursuant to Fed. R. Civ. P. 4(m) on July 18, 2008. (*See* Doc. 18.)  On August 27, 2008, the Court granted the following defendants' motion to dismiss as unopposed: Lt. Confer, Davis, Lt. Reese, CO Condo, CO Butler, Ms. Kwisnek, Superintendent Lockett, Wolanin and Novitsky.  (*See* Doc. 20.) The remaining DOC defendants are: Davis, Reams, CO Caputio, CO Edwards and CO Archer.

monetary compensatory and punitive damages for injuries he allegedly received during an altercation at SCI-Rockview. (*Id.*)

On April 30, 2009, the Court called for the filing of dispositive motions. (Doc. 25.) On May 4, 2009, the Defendants filed a properly supported Motion for Summary Judgment, based in part, on Bethea's alleged failure to exhaust his administrative remedies. (Docs. 26 - 28, Defendants' Summary Judgment Motion, Brief, Statement of Facts and supporting Exhibits). On May 12, 2009, Bethea's copy of the Court's May 12, 2009, Order, which was sent to Plaintiff's last known address, was returned to the Court with the notation that Bethea was released from DOC custody in November 2008.[2] (*See* Doc. 29.) To date, Bethea has failed to oppose Defendants' Motion for Summary Judgment, or request an enlargement of time to do so.

For the reasons that follow, Defendants' Motion for Summary Judgment will be granted.

---

[2] The Standing Practice Order for this Court, which Bethea received a copy of, provides in relevant part, that a pro se plaintiff has the affirmative obligation to keep the court informed of his address. The Order further provides that if the court is unable to communicate with the petitioner because the plaintiff has failed to notify the court of his address, the plaintiff will be deemed to have abandoned the lawsuit. (Doc. 3.) Defendants, however, located Plaintiff and served him with a copy of their summary judgment materials at a Philadelphia. (*See* Doc. 27.)

## II.   Background

The following facts are undisputed, and unless otherwise noted, are presented in the light most favorable to Bethea.[3]  On December 21, 2006, while housed at SCI-Greensburg, Plaintiff became psychotic and was placed in psychiatric observation.  (Doc. 1, Complaint.)  Ultimately, the DOC obtained a court order to involuntarily commit Bethea to a forensic psychiatric unit.  (*Id*. at ¶ 2.)  On December 23, 2006, Bethea was transferred from SCI-Greensburg to SCI-Rockview's Mental Health Unit (MHU).  (*Id*. at ¶ 3.)  On several occasions between December 27 - December 20, 2006, defendants gave Bethea direct orders to take his medications.  When he refused, he was allegedly issued misconducts for refusing a direct order.  (*Id*. at ¶¶ 5 - 12.)  According to Bethea, on December 30, 2006, defendants Reams, Caputio, Edwards, Archer and Davis entered his MHU cell and physically assaulted him.  (*Id*. at ¶ 14.)  Bethea claims that after the assault he was denied medical care for his extensive physical injuries.  (*Id*. at ¶ 14.)  Bethea was incoherent for December 23, 2006 until January 9, 2007.  (*Id*. at ¶ 4.)

Bethea returned to SCI-Greensburg on January 18, 2007, and notified staff of the assault and his injuries.  (*Id*. at ¶ 15.)  His injuries were photographed by staff and an investigation was launched to address his claims of staff assault.  (*Id*.)  On January 28, 2007, Bethea filed a formal grievance concerning the assault and his

---

[3] Bethea did not file a counterstatement of material facts in response to Defendants' Statement of Facts (doc. 28).  *See* Local Rule 56.1 (requiring "a separate short and concise statement of material facts" responding to the numbered paragraphs in the moving party's statement of material facts).  Failure to do so results in the admission of the moving party's material facts.

-3-

injuries. (*Id*. at ¶ 17.) On May 15, 2007, Bethea learned that the DOC's internal investigation into his claims was dismissed as unsubstantiated. (*Id*. at ¶ 20.)

Defendants provide the declaration of Toni Colland, Assistant to the Superintendent at SCI-Greensburg and the institution's grievance coordinator, who affirms that Bethea only filed one grievance related to the claims asserted in his Complaint. (Doc. 28, Defendants' Statement of Facts (SOF) at ¶¶ 1 - 6.) Bethea filed grievance number 176773 on January 28, 2007. (SOF at ¶ 7; and Doc. 28 at R. 24.)[4] In his grievance, Bethea complained of three things: (1) being attacked by staff while at SCI-Rockview; (2) failing to receive medical treatment; and (3) having to pay for medical treatment. (*Id.*) Corrections Health Care Administrator Kwisnek initially responded to Bethea's grievance denying it. (SOF at ¶ 10 and Doc. 28 at R. 25.) Instead of appealing the denial of his grievance to the Superintendent of SCI-Greensburg, Bethea filed his appeal directly to the Secretary's Office of Inmate Grievance and Appeals (SOIGA). (SOF at ¶ 11). SOIGA rejected Bethea's grievance due to his failure to follow the DOC's grievance policy, specifically because of his failure to include a copy of his appeal to the Facility Manager, the Facility Manager's decision and his appeal to Final Review. (SOF at ¶¶11 - 15).

### III. Standard of Review

Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of

---

[4] "R." or "RR." references are to the CM/ECF pagination of the document cited.

law." Fed. R. Civ. P. 56(c). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to nonmoving party. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007).

**IV. Discussion**

*A. The Prison Litigation Reform Act's Exhaustion Requirement.*

Pursuant to the Prison Litigation Reform Act (PLRA), before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, or any other federal law, he must exhaust all available administrative remedies. *See* 42 U.S.C. § 1997e; *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.C. 983, 988, 152 L.Ed.2d 12 (2002). The exhaustion requirement of the PLRA is one of "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 84, 126 S.C. 2378, 2383, 165 L.Ed.2d 368 (2006). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." (*Id.*) The "filing [of] an untimely or otherwise procedurally defective administrative grievance or appeal" does not satisfy the PLRA's exhaustion requirement. (*Id.*) Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. *Spruill v. Gillis*, 372 F.3d 218, 227-32 (3d Cir. 2004). Further, the PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." *Nyhuis v. Reno*, 204 F.3d 65, 71 (3d Cir. 2000). The Supreme Court has clearly stated that "there is no question that exhaustion is

mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 212, 127 S.C. 910, 918-19, 166 L.Ed.2d 798 (2007). Finally, the Third Circuit Court of Appeals has stated that "there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court." *Oriakhi v. United States*, 165 Fed. Appx. 991, 993 (3d Cir. 2006)(not precedential).

A prisoner is not required to allege that administrative remedies have been exhausted. *Ray v. Kertes*, 285 F.3d 287 (3d Cir. 2002). Failure to exhaust available administrative remedies is an affirmative defense. (*Id.*) As such, it must be plead and proven by the Defendants. *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002).

  *B.*  *The DOC's Administrative Remedy Program.*

The Pennsylvania Department of Corrections (DOC) has a three-level administrative remedy review process designed to address inmate problems that may arise during the course of confinement. *See* 37 Pa. Code § 93.9(a); *see also* www.cor.state.pa.us, DOC Policies, DC-AM 804, Inmate Grievance System Policy; SOF at ¶¶ 4 - 5. Pursuant to Policy 804, an inmate must first file a written grievance with the institution's Grievance Coordinator for initial review. If dissatisfied with the initial review provided by the Grievance Coordinator, or the rejection of his grievance, the inmate must file an appeal with the institution's Facility Manager (Superintendent). The third and final level of appeal is to the Secretary of the Department of Corrections Office of Inmate Grievances and Appeals. (*Id*.)

*C. Bethea Failed to Properly Exhaust his Administrative Remedies.*

The record contains documentary evidence in the form of Colland's declaration that Bethea did not properly exhaust his administrative remedies with respect to his allegations that he was assaulted by staff at SCI-Rockview, and then denied medical care for his injuries. (*See* Doc. 28, Colland Decl. at RR. 5-8, and attached exhibits, RR. 9 - 26.) The undisputed facts demonstrate that Bethea failed to properly follow the DOC's grievance policy when he failed to appeal the initial rejection of his grievance to SCI-Greensburg's Superintendent, but instead improperly filed his initial appeal directly to SOIGA which rejected it. Furthermore, there is no evidence that Bethea ever remedied this procedural default. Thus, the record before the Court as to Bethea's exhaustion efforts is clear and uncontested. Bethea failed to properly exhaust his administrative remedies before filing this action, and thus defendants' are entitled to summary judgment.

An appropriate Order follows.

/s/ **A. Richard Caputo**
**A. RICHARD CAPUTO**
**United States District Judge**

**Date: June 23, 2009**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENJAMIN BETHEA, | : |
|    Plaintiff | : |
| | :   CIVIL NO. 3:CV-08-0263 |
| v. | : |
| | :   (Judge Caputo) |
| LIEUTENANT CONFER, *et al.*, | : |
|    Defendants | : |

# O R D E R

**AND NOW, this 22nd day of June, 2009**, for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Defendants' Motion for Summary Judgment (Doc. 26) is **GRANTED**.

2. The Clerk of Court is directed to enter judgment in favor of the defendants and against the plaintiff.

3. The Clerk of Court is directed to close this case.

4. An appeal from this order is deemed frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

 

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**